IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FRANCIS WICKLANDER,　　　　　　　　　　　　　　　　　　　　CV 04-804 AS

　　　　　　Plaintiff,　　　　　　　　　　　　　　　　　　　　OPINION AND ORDER

　　　v.

DEFINED BENEFIT PENSION
PLAN OF AGC-INTERNATIONAL
UNION OF OPERATING ENGINEERS
LOCAL 701 PENSION TRUST FUND,

　　　　　　Defendant.

ASHMANSKAS, Magistrate Judge:

Plaintiff Francis Wicklander moves to retax costs awarded to defendant by the court on July 11, 2005. On May 25, 2005, defendant's motion for summary judgment was granted, and judgment in favor of defendant was entered on June 1, 2005. On June 16, 2005, defendant filed an application to tax costs totaling $695.51. Plaintiff did not respond to defendant's application, and it was granted on July 11, 2005.

/ / /

/ / /

1- Opinion and Order

Plaintiff concedes that his motion is untimely. Given the totality of the circumstances, the delay is excused.

In determining whether to award costs and fees in an ERISA case, the Ninth Circuit has utilized the five factor test set out in *Hummell v. S.E. Rykoff & Co.,* 634 F.2d 446, 453 (9th Cir. 1980). The factors are: (l) the degree of the opposing party's culpability or bad faith; (2) the ability of the opposing party to satisfy an award of fees; (3) whether an award of fees against the opposing party would deter others from acting under similar circumstances; (4) whether the party requesting fees sought to benefit all plan participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERSIA; and (5) the relative merits of the parties' positions.

In considering a cost application from an ERISA defendant, the court must consider whether the plaintiff's case was frivolous or brought in bad faith, and the ability of the plaintiff to satisfy an award of costs. *Arizona State Carpenters Pension Trust v. Citibank,* 125 F.3d 715, 724 (9th Cir. 1997). Consideration of the five *Hummell* factors will seldom warrant an award of fees or costs against an ERISA plaintiff. *Arizona State Carpenters Pension Trust,* 125 F.3d at 718.

The evidence is that plaintiff and his brother were two of three people denied pension benefits in a ten-year period. There is no evidence that plaintiff brought his claim in bad faith, and it was not frivolous. As to ability to pay, plaintiff asserts that he lives on his social security benefits. Factors three and four are "more appropriate to the determination of whether to award fees to a plaintiff than a defendant." *Tingey v. Pixley-Richards West, Inc.* 958 F.2d 908, 910 (9th Cir. 1992). As to the final factor, the relative merits of the parties' positions, plaintiff did not

prevail but his claim was reasonable. For the reasons discussed above, the balance of factors weighs against awarding costs against plaintiff. Accordingly, plaintiff's motion to retax costs is granted.

    IT IS SO ORDERED.

    Dated this 29th day of August, 2005.

                                                                     _____

                                                          Donald C. Ashmanskas
                                                          United States Magistrate Judge

3- Opinion and Order